**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANGEL R. PALACIOS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 05-4921** |
| | : | |
| **JO ANNE BARNHART,** | : | |
| **Commissioner of Social Security** | : | |
| **Administration** | : | |

---

**Diamond, J.**                                                                                    **November 13, 2006**

## MEMORANDUM

Plaintiff Angel Palacios challenges the denial of his claim for Disability Insurance

Benefits under Titles II and XVI of the Social Security Act.  See 42 U.S.C. §§ 401–433.  The

Commissioner and Plaintiff have cross-moved for Summary Judgment.  I deny Plaintiff's Motion

and grant Summary Judgment in favor of the Commissioner.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff is 47 years old, has at least a high school education, and has worked as a

machine helper and punch press operator.  (Tr. 61).  At the time of the administrative hearing, he

lived with his wife and two children, then 10 and 17 years old.  (Tr. 46).

On September 19, 2002, Plaintiff applied for DIB and SSI, alleging that he had been

disabled since July 30, 2000, due to severe back pain, a herniated disc, hypertension, and

depression.  42 U.S.C. §§ 1381–83 (2004); (Tr. 16).  Following the denial of his applications,

Plaintiff requested a hearing before an Administrative Law Judge.  On August 15, 2003, the ALJ

held a hearing at which Plaintiff and vocational expert Margaret Preno testified.  (Tr. 37 - 65).

Plaintiff was represented by counsel and assisted by an interpreter. (Tr. 37). The ALJ also

considered the report of State Agency reviewing psychologist Paul Lanunziata.  (Tr. 63, 175-

178).

On January 29, 2004, the ALJ concluded that Plaintiff was not disabled, finding that his

medical problems did not constitute a disability under the statute and that he retained the ability

to perform light work, albeit with some adjustments. (Tr. 17).  On July 29, 2005, the Appeals

Council denied review of the ALJ's decision which, thus, became final.  (Tr. 8).

Plaintiff filed suit in this Court on September 14, 2005.  After he and the Commissioner

cross-moved for summary judgment, I referred the matter to a Magistrate Judge, who has

recommended that I deny Plaintiff's motion, grant the Commissioner's motion, and affirm the

decision of the Commissioner denying benefits.


## STANDARD OF REVIEW

I must affirm the Commissioner's decision if it is supported by substantial evidence.  See

42 U.S.C. §405(g); Montes v. Apfel, No. 99-2377, 2000 U.S. Dist. LEXIS 4030, at *2 (E.D. Pa.

Mar. 27, 2000) (citing Richardson v. Perales, 402 U.S. 389, 401 (1972)).  See also Monsour

Medical Center v. Heckler, 806 F.2d 1185, 1190 (3d Cir. 1986) (A District Court may not re-

weigh evidence or review the Commissioner's decision de novo).

Substantial evidence is "that which would be sufficient to allow a reasonable fact finder

to reach the same conclusion; while it must exceed a scintilla, it need not reach a preponderance

2

of the evidence." Id. at *2; see also Jesurum v. Sec'y of U.S. Dept. Of Health and Human Services, 48 F.3d 114, 117 (3d Cir. 1995).  The ALJ must consider all relevant evidence in the record and provide some indication of the evidence she rejected and why she rejected it.  See Adorno v. Shalala, 40 F.3d 43, 48 (3d Cir. 1994); Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981).  If the ALJ's findings are supported by substantial evidence, then the District Court is bound by them even if the Court would have found different facts.  See Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001) (citing Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999)).

The extent of District Court review of a Magistrate Judge's Report is committed to the Court's discretion.  See Jozefick v. Shalala, 854 F. Supp. 342, 347 (M.D. Pa., 1994); see also Thomas v. Arn, 474 U.S. 140, 154 (1985); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984); Heiser v. Ryan, 813 F. Supp. 388, 391 (W.D. Pa. 1993), aff'd, 15 F.3d 299 (3d Cir. 1994).  The District Court must review de novo those portions of the Report to which objection is made.  28 U.S.C. § 636 (b)(1)(c) (2004).  See generally Goney, 749 F.2d at 7.  The Court may "accept, reject or modify, in whole or in part, the Magistrate's findings or recommendations."  Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).

## DISCUSSION

To prove disability, a claimant must show that: (1) he is not currently engaged in "substantial gainful activity," as defined by the regulations; (2) he suffers from a "severe impairment"; (3) his disability meets or equals an impairment listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; and (4) he does not have sufficient residual functional capacity to perform his past relevant work.  42 U.S.C. § 423(d)(2)(A) (2004); 20 C.F.R. § 404.1520(b)–(e).  The ALJ then

3

considers a claimant's "ability to perform ('residual functional capacity'), age, education, and work experience to determine whether or not he is capable of performing other work which exists in the national economy."  42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f).

Here, the ALJ found that although Plaintiff has not retained the residual functional capacity to perform his past relevant work as a machine helper and punch press operator, "he is able to make an adjustment to other work that exists in significant numbers in the national economy." (Tr. 17).  The ALJ rejected Plaintiff's claim that his impairment of the cervical  and lumbar spine, fibromyalgia, and depression qualified as "severe impairments." (Tr. 17).  The ALJ found that although these impairments "cause significant vocationally relevant limitations," they do not, singly or in combination, render Plaintiff disabled under the criteria of the statute. (Tr. 17, 19). Rather, the ALJ found Plaintiff's testimony and related evidence to be "exaggerated and not fully credible." (Tr. 22).  Accordingly, considering Plaintiff's ailments separately and in concert, the ALJ found that Plaintiff is not disabled.

The Magistrate concluded that the ALJ's findings were supported by substantial evidence. Plaintiff objects, arguing that the ALJ: (1) erred in his assessment of Plaintiff's mental functioning; (2) had a duty to contact Dr. Lanunziata to clarify the basis of his assessment; (3) presented to Ms. Preno an incomplete hypothetical that rendered his Step Five conclusion unsupported by the evidence; and (4) did not properly evaluate Plaintiff's credibility.

## I.        The ALJ's Mental Functioning Determination

The ALJ found that Plaintiff has moderate, but not marked, limitations in mental functioning. (Tr. 22).  Plaintiff argues that the ALJ erred in not crediting Dr. Lanunziata's opinion that Plaintiff suffered from both moderate and marked limitations in mental functioning.

4

(Pl. Mot. S.J. 22-28).

The ALJ, as the fact-finder, is not bound by the opinion of a reviewing psychologist. 20 C.F.R. §404.1527(f)(2)(i), 416.927(f)(2)(i). The ALJ should nonetheless "explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician or psychologist." 20 C.F.R. §§ 404.1527(f)(2)(ii), 416.927(f)(2)(ii).

The ALJ "carefully considered" Dr. Lanunziata's findings and concluded that they "are not supported by the evidence and no meaningful rationale was provided to support the conclusions." (Tr. 22). In addition, the ALJ found the psychologist's findings to be internally inconsistent, including both marked and moderate symptoms within the same set of behaviors:

> The psychologist believed that the claimant was markedly limited in the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes, but also found that the claimant had no significant limitations in his ability to work in coordination with or proximity to others without being distracted by them, in his ability to interact appropriately with the public, and in his ability to maintain socially appropriate behavior. The psychologist believed that the claimant was markedly limited in the ability to accept instructions and respond appropriately to criticism by supervisors, but also found that the claimant had no significant limitations in his ability to ask simple questions or to request assistance.

(Tr. 22).

Plaintiff urges me to reject this finding, arguing that a person: (1) might simultaneously present severe difficulties in getting along with peers and coworkers, yet be able to work in proximity to them without being distracted; or (2) might be able to ask questions, yet be unable to understand or respond appropriately to the reply. He further argues that in each of these hypothetical situations, the person's marked limitations would outweigh his moderate limitations. (Pl. Mot. S.J. 23-24). I may not re-weigh evidence fully considered by the ALJ, however. "Where the ALJ's findings are supported by substantial evidence, we are bound by

5

those findings, even if we would have decided the factual inquiry differently." <u>Fargnoli</u>, 247 F.3d at 38.

The ALJ carefully considered Dr. Lanunziata's report and explained in detail why he found that Plaintiff was not markedly limited in his mental functions. Because I find that substantial evidence supports that finding, I may not disturb it.

## II.      The ALJ's Obligation to Contact the State Agency Psychologist

Plaintiff also argues that the ALJ had a duty to contact Dr. Lanunziata to clarify his opinion before rejecting it. Social Security regulations provide that an ALJ is required to develop the record further only when "the evidence we receive from [a claimant's] treating physician is *inadequate* for us to determine whether [the claimant] is disabled." 20 C.F.R. 404.1512(e)(1) (emphasis added). Here, the ALJ found the record adequate to determine whether or not Plaintiff was disabled. Accordingly, even assuming that 404.1512(e)(1) applies to a reviewing psychologist, the ALJ permissibly decided not to seek clarification from Dr. Lanunziata. <u>See</u> <u>Thomas v. Barnhart</u>, 278 F.3d 947, 958 (3d Cir. 2002) ("The requirement for additional information is triggered only when the evidence from the treating medical source is inadequate to make a determination as to the claimant's disability.").

## III.      The ALJ's Hypothetical Questions to the Vocational Expert

Plaintiff also argues that the ALJ's hypothetical question to Ms. Preno did not accurately reflect Plaintiff's mental limitations. The ALJ's hypothetical to a vocational expert "must reflect all of a claimant's impairments that are supported by the record." <u>Chrupcala v. Heckler</u>, 829 F.2d 1269, 1276 (3d Cir. 1987) (citing <u>Podedworney v. Harris</u>, 745 F.2d 210 (3d Cir. 1984)). Accordingly, the ALJ need not question the vocational expert about alleged impairments that are

not supported by the record.  Here, the ALJ determined that the record did not support Plaintiff's proposed finding of marked mental limitations: he believed both that Plaintiff exaggerated his symptoms and that Dr. Lanunziata's opinion was not credible.  (Tr. 22).  Accordingly, he had no duty to include those impairments in his question to the vocational expert.  The ALJ nonetheless asked Ms. Preno additional hypothetical questions that included Plaintiff's claimed medical impairments. (Tr. 62).  Including those claimed impairments in his questions, however, did not obligate the ALJ to credit testimony that those impairments existed.  Chrupcala, 829 F.2d at 1276.  In these circumstances, Plaintiff's objection is baseless.

### IV.    The ALJ's Credibility Findings

Finally, Plaintiff contends that the ALJ erred in refusing to credit all Plaintiff's testimony about his physical and mental impairments.  As already discussed, I must accept the ALJ's findings unless they are without basis in the record.  Torres v. Harris, 494 F. Supp. 297, 301 (E.D. Pa. 1980).  In discrediting some of Plaintiff's testimony, the ALJ offered a careful explanation, observing that Plaintiff's "testimony about his impairments and the limitations they impose is not supported by the evidence." (Tr. 22).  For instance, the ALJ noted that the Plaintiff was not receiving any treatment for his numerous physical impairments. Further, although Plaintiff testified that some of his medications caused extreme drowsiness, forcing him to remain in bed for up to 4 or 5 hours, his treatment notes indicated repeated complaints about his inability to sleep. (Tr. 22).

In these circumstances, the ALJ's decision not to credit fully Plaintiff's subjective complaints was proper.

## <u>CONCLUSION</u>

In sum, Plaintiff asks me to re-weigh evidence and change credibility determinations made by the ALJ.  Because I find substantial evidence supports the ALJ's factual determinations, I overrule Plaintiff's Objections and adopt the Report and Recommendation of the Magistrate Judge.

An appropriate Order follows.


/s Paul S. Diamond, J.

_____

PAUL S. DIAMOND, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANGEL R. PALACIOS** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 05-4921** |
| | : | |
| **JO ANNE BARNHART,** | : | |
| **Commissioner of Social Security** | : | |
| **Administration** | : | |

---

## ORDER

AND NOW, this 13th day of November, 2006, upon consideration of Plaintiff's Motion for Summary Judgment, Defendant's Motion for Summary Judgment, Plaintiff's Response, Magistrate Judge Thomas J. Rueter's Report and Recommendation, Plaintiff's Objections, and Defendant's Response, it is hereby **ORDERED** that Magistrate Judge Rueter's Report and Recommendation is **APPROVED and ADOPTED**.

The Motion for Summary Judgment of Defendant, Jo Ann Barnhart, Commissioner of the Social Security Administration, is **GRANTED**.

The Motion for Summary Judgment of Plaintiff, Angel Palacios, is **DENIED**.

The Clerk of Court shall close this matter for statistical purposes.


BY THE COURT

/s Paul S. Diamond, J.

_____

PAUL S. DIAMOND, J.